**VIRGINIA SUNSHINE ALLIANCE, et al., Appellants,**

v.

**NUCLEAR REGULATORY COMMISSION.**

**No. 81–1381.**

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 19, 1981.

Decided Dec. 8, 1981.

As Amended Dec. 16, 1981.

Katherine A. Meyer, Washington, D. C., with whom Diane B. Cohn and Alan B. Morrison, Washington, D. C., were on brief, for appellants.

Valerie K. Schurman, Asst. U. S. Atty., Washington, D. C., with whom Charles F. C. Ruff, U. S. Atty. Royce C. Lamberth, Kenneth M. Raisler and Michael J. Ryan, Asst. U. S. Attys., and Stephen F. Eilperin, Sol., Nuclear Regulatory Commission, and Richard A. Parrish, Atty., Nuclear Regulatory Commission, Washington, D. C., were on brief, for appellee.

Before MacKINNON, ROBB and EDWARDS, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

The judgment of the district court is affirmed for the reasons set forth in Judge June Green's opinion, reported at 509 F.Supp. 863 (D.D.C.1981).

A question raised but not addressed in the district court and pressed by appellants before this court is whether the Nuclear

Regulatory Commission (Commission) complied with section 147(d) of the Atomic Energy Act, as amended June 30, 1980. This section of the statute requires the Commission whenever it issues an order under § 147(a)[1] to submit a report to Congress:

(d) Upon prescribing or issuing any regulation or order under subsection (a) of this section, the Commission shall submit to Congress a report that:

(1) specifically identifies the type of information the Commission intends to protect from disclosure under the regulation or order;

(2) specifically states the Commission's justification for determining that unauthorized disclosure of the information to be protected from disclosure under the regulation or order could reasonably be expected to have a significant adverse effect on the health and safety of the public or the common defense and security by significantly increasing the likelihood of theft, diversion, or sabotage of such material or such facility, as specified under subsection (a) of this section; and

(3) provides justification, including proposed alternative regulations or orders, that the regulation or order applies only the minimum restrictions needed to protect the health and safety of the public or the common defense and security.

Pub.L.No. 96–295, 94 Stat. 788 (June 30, 1980).

The Commission concedes that such a report was not filed with respect to the "orders" denying plaintiffs' FOIA requests that are the subject of this action. However, those orders were issued between March and June, 1980, before the above statute requiring reports to Congress was

---

1. (a) In addition to any other authority or requirement regarding protection from disclosure of information, and subject to subsection (b)(3) of section 552 of Title 5, the Commission shall prescribe such regulations, after notice and opportunity for public comment, or issue such orders, as necessary to prohibit the unauthorized disclosure of safeguards information which specifically identifies a licensee's or applicant's detailed—

(1) control and accounting procedures or security measures (including security plans, procedures, and equipment) for the physical protection of special nuclear material, by whomever possessed, whether in transit or at fixed sites, in quantities determined by the Commission to be significant to the public health and safety or the common defense and security;

(2) *security measures (including security plans, procedures, and equipment) for the physical protection of source material or by-product material, by whomever possessed, whether in transit or at fixed sites*, in quantities determined by the Commission to be significant to the public health and safety or the common defense and security; or

(3) security measures (including security plans, procedures, and equipment) for the physical protection of and the location of certain plant equipment vital to the safety of production or utilization facilities involving nuclear materials covered by paragraphs (1) and (2)

If the unauthorized disclosure of such information could reasonably be expected to have a significant adverse effect on the health and safety of the public or the common defense and security by significantly increasing the likelihood of theft, diversion, or sabotage of such material or such facility. The Commission shall exercise the authority of this subsection—

(A) so as to apply the minimum restrictions needed to protect the health and safety of the public or the common defense and security, and

(B) upon a determination that the unauthorized disclosure of such information could reasonably be expected to have a significant adverse effect on the health and safety of the public or the common defense and security by significantly increasing the likelihood of theft, diversion, or sabotage of such material or such facility.

Nothing in this chapter shall authorize the Commission to prohibit the public disclosure of information pertaining to the routes and quantities of shipments of source material, by-product material, high level nuclear waste, or irradiated nuclear reactor fuel. Any person, whether or not a licensee of the Commission, who violates any regulation adopted under this section shall be subject to the civil monetary penalties of section 2282 of this title. Nothing in this section shall be construed to authorize the withholding of information from the duty authorized committees of the Congress.

Pub.L.No. 96–295, 94 Stat. 788 (1980) (to be codified as 42 U.S.C. § 2167(a)) (emphasis added).

enacted on June 30, 1980.[2] It is therefore not necessary for this court to determine whether the particular orders here refusing to disclose certain safeguards information were required to be the subject of a formal report to Congress.

We assume that the Commission, in future cases, will consider the provisions of the statute and make a report to Congress on such regulations and orders as it determines are subject to the Act. Under the circumstances of this case—the first instance in which information has been withheld under section 147—we do not believe that the Commission's failure to file a report compels disclosure of the documents otherwise properly withheld here. We express no opinion on appellants' standing to raise objections under section 147(d), nor upon the proper remedy for noncompliance therewith, in future cases.

*Affirmed.*

**2.** The instant lawsuit was filed on August 18, 1980.